IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DENNIS DONNELLY, on behalf of himself and all others similarly situated, *Plaintiffs*, v. DES MOINES REGISTER AND TRIBUNE CO., INC.; J. ANN SELZER; SELZER & COMPANY; and GANNETT CO., INC., *Defendants*. | Case No. 4:25-cv-150 **DEFENDANT GANNETT CO., INC.'S NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Gannett Co. Inc. ("Gannett") hereby removes this putative class action to the United States District Court for the Southern District of Iowa, Central Division. This matter is Case No. 05771 CVCV068445 in the District Court for Polk County, Iowa (hereinafter the "State Court Action").

By filing this notice of removal, Gannett does not admit the allegations or theories in Plaintiff's Complaint or waive any defenses, objections, or motions under state or federal law and expressly reserves its right to move for dismissal of some or all of Plaintiff's claims. Gannett also hereby reserves the right to amend or supplement this notice of removal.

In support of removal, Gannett provides the following "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). This statement "need not contain evidentiary submissions." *Id.* at 84. Rather, the notice

of removal requires only "plausible allegations" that the requirements for removal are met. *Id.* at 89. Gannett accordingly states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Dennis Donnelly originally filed the State Court Action on January 6, 2025. *See* Ex. A (Petition). The Petition named four defendants: Gannett, J. Ann Selzer, Selzer & Company, and the Des Moines Register and Tribune Co., Inc. (collectively, "Defendants"). Copies of all process, pleadings, and orders served upon Gannett in this matter are attached as Exhibit B. *See* 28 U.S.C. § 1446(a).

2. Removal is timely because Gannett filed this notice within 30 days of receiving service of the Petition. 28 U.S.C. § 1446(b) (notice of removal "shall be filed within 30 days after the receipt by the defendant, through service"). *See* Ex. B at 56–58 (Acceptance of Service).

3. A class action "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

4. Venue in this Court is proper under 28 U.S.C. § 1446(a), because this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending (Polk County, Iowa).

5. As set forth in greater detail below, this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711–15, because minimal diversity exists and the amount in controversy exceeds $5,000,000.

## BACKGROUND

6. The Petition alleges Plaintiff Donnelly is "a resident of West Des Moines." Ex. A ¶ 8. Upon information and belief, Plaintiff is a citizen of the State of Iowa and was a citizen of the State of Iowa at the time he filed the State Court Action.

7. Defendant Gannett is a Delaware corporation, and, as alleged in the Petition, has a principal place of business in New York. *Id.* ¶ 12. Gannett is therefore a citizen of Delaware and New York for the purposes of diversity jurisdiction.

8. As alleged in the Petition, the *Register* is an Iowa corporation. *Id.* ¶ 9. The *Register* is therefore a citizen of Iowa for the purposes of diversity jurisdiction.

9. The Petition alleges Selzer & Co. is an Iowa corporation. *Id.* ¶ 11. Selzer & Co. is therefore a citizen of Iowa for the purposes of diversity jurisdiction.

10. Lastly, the Petition alleges that J. Ann Selzer is a natural person who lives in Iowa. *Id.* ¶ 10. Upon information and belief, Selzer is therefore a citizen of Iowa for the purposes of diversity jurisdiction.

11. The Petition alleges subscribers of the *Register* were "defrauded" by certain election coverage. *Id.* ¶ 2.

12. The Petition seeks certification of the following putative class: "All digital and print subscribers to the Sunday edition of the Des Moines Register as of November 3, 2024." *Id.* ¶ 115.

13. In the Prayer for Relief, the Petition requests: (1) certification of the putative class; (2) a declaration "that the Defendants engaged in intentional misrepresentation, or alternatively that they engaged in recklessly negligent misrepresentation"; (3) a declaration "that Defendants engaged in consumer fraud under the Iowa Consumer Fraud statute"; (4) a

declaration "that the Defendants engaged in professional malpractice"; (5) a declaration "that Defendants interfered with the right to vote"; (6) "actual damages equivalent to one year's subscription, whether digital or print," for all class members; (6) nominal damages for Plaintiff Donnelly and all class members; (7) punitive damages for Plaintiff Donnelly and all putative class members; (8) attorneys' fees; and (9) any other relief the Court finds just and appropriate. *Id.* ¶¶ 186–195.

### THIS COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332(d)(2)

14.     As amended by CAFA, 28 U.S.C. § 1332(d) grants district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

15.     **This is a "class action" under CAFA.** Because Plaintiff invokes procedures "authorizing an action to be brought by 1 or more representative persons as a class action," this matter qualifies as a "class action" for purposes of CAFA. *Id.* § 1332(d)(1)(B).

16.     **The putative class contains at least 100 members.** The Petition seeks certification of a class comprised of "subscribers to the [*Register*'s] Sunday edition" and alleges the *Register* "has a subscriber base of approximately 40,000 on Sundays." Ex. A ¶¶ 109, 115.

17.     **The amount placed in controversy exceeds $5,000,000.** The amount in controversy under CAFA is determined by aggregating "the claims of the individual class members." 28 U.S.C. § 1332(d)(6). The burden for removal under CAFA is low and requires "'only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Pirozzi v. Message Envy Franchising*, LLC, 938 F.3d 981, 984 (8th Cir. 2019)

4

(quoting *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88). A removing defendant need not "confess liability" to show the amount in controversy exceeds the threshold. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013). "When the notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, 'then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much.'" *Pirozzi*, 938 F.3d at 984 (quoting *Raskas*, 719 F.3d at 888).

Here, Gannett denies, among other things, that damages may be awarded or that certification of a class is appropriate. However, solely for the purposes of subject matter jurisdiction, the amount in controversy is determined by what Plaintiff claims is at stake. The Petition seeks actual damages totaling $2,799,600, *i.e.*, the alleged cost of an annual subscription ($69.99) for each of the *Register*'s alleged 40,000 subscribers. *See* Ex. A ¶¶ 109, 115, 193. Further, the Petition seeks punitive damages and attorneys' fees. *Id*. ¶¶ 193–94. It is far from "legally impossible" for these amounts to exceed $5 million, given that the alleged compensatory damages are more than half that amount. *Pirozzi*, 938 F.3d at 984; *Midwest Home Distrib. V. Domco Indus.*, 585 N.W.2d 735, 743 (Iowa 1998) (affirming punitive damage award of nearly double compensatory damages on fraudulent misrepresentation claim). Given that, "the case belongs in federal court." *Id*.

18. The parties in this case satisfy the requirement of minimal diversity, because at least one "member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a resident of Iowa, Ex. A ¶ 8, and, upon information and belief, is also a citizen of Iowa and was a citizen of Iowa at the time he filed the State Court Action. Gannett is a citizen of Delaware and/or New York.

## FILING OF REMOVAL PAPERS

19. As 28 U.S.C. § 1446(d) requires, written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Iowa District Court for Polk County.

## **CONCLUSION**

WHEREFORE, Defendant Gannett respectfully requests that the above-captioned action be removed from the Iowa District Court for Polk County to the United States District Court for the Southern District of Iowa, and that this Court assume full jurisdiction over this action, to the exclusion of any further proceedings in the state court.

Dated: April 24, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

/s/ *Nicholas Klinefeldt*
Nicholas Klinefeldt
*nick.klinefeldt@faegredrinker.com*
David Yoshimura
*david.yoshimura@faegredrinker.com*
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**ATTORNEYS FOR DEFENDANTS DES MOINES REGISTER AND TRIBUNE CO, INC. AND GANNETT CO., INC.**

## Certificate of Service

    The undersigned certifies that a true copy of **Defendant Gannett Co., Inc.'s Notice of Notice of Removal** was served upon all parties of record through the court's CM/ECF electronic filing system with copies to the below named individuals by electronic mail on April 24, 2025.

/s/ Elizabeth Collins

Copy to:

    ROBERT R. ANDERSON
    P.O. Box 4
    Atlantic, Iowa 50022
    (515) 382-1278
    *bobandersoniowan@gmail.com*

    DANIEL R. SUHR
    Center for American Rights
    727 N. LaSalle Street, Suite 210
    Chicago, Illinois 60654
    *dsuhr@americanrights.org*

    *Attorneys for Plaintiff*