IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DENNIS DONNELLY, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>DES MOINES REGISTER AND TRIBUNE CO., INC., J. ANN SELZER, an individual, SELZER & COMPANY, and GANNETT CO., INC.,<br><br>*Defendants*. | Case No. 4:25-cv-00150-RGE-WPK<br><br>**DES MOINES REGISTER & TRIBUNE CO. AND GANNETT CO., INC.'S RESISTANCE TO PLAINTIFF'S MOTION FOR REMAND** |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 2

BACKGROUND .......................................................................................................................... 2

LEGAL STANDARD ................................................................................................................... 5

ARGUMENT ................................................................................................................................ 5

   I.   THIS CASE SATISFIES CAFA JURISDICTION REQUIREMENTS, AND THE REMOVAL WAS TIMELY ............................................................................................ 5

   II.  JURISDICTIONAL DISCOVERY IS UNWARRANTED BECAUSE NO EXCEPTION TO CAFA JURISDICTION CAN APPLY ..................................................................... 8

       A.  Plaintiff's Request for Jurisdictional Discovery Is Procedurally Improper and Speculative ...................................................................................................... 9

       B.  None of the Exceptions to CAFA Jurisdiction Apply, Regardless of the Residency of the Putative Class Members ............................................................................ 10

          1.  The Local-Controversy Exception Does Not Apply Because Plaintiff Cannot Satisfy the Principal Injuries Prong ....................................................... 10

          2.  The Petition Alleges That Gannett Is a Primary Defendant, and the Home State and Discretionary Exceptions Therefore Do Not Apply ...................... 15

CONCLUSION ........................................................................................................................... 18

i

## INTRODUCTION

This class action, purporting to state claims on behalf of a nationwide class with putative class members in all fifty states, belongs in federal court under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d). To reach this conclusion, the Court need only consider that: (1) all Defendants accepted service of Plaintiff's Petition on April 4, 2025; (2) Defendant Gannett Co., Inc. timely removed the case to this Court on April 24, 2025; and (3) this case satisfies all the criteria for removal under the applicable statute. *See id.* § 1332(d)(2). Plaintiff Dennis Donnelly's Motion for Remand concedes these points and acknowledges the Parties have proceeded in good faith. (ECF No. 21 ("Motion"); *see* ECF No. 21-1 at 6.) Additionally, Plaintiff's alternative request for jurisdictional discovery lacks merit. The Motion should be denied in full.

## BACKGROUND

Plaintiff filed this lawsuit in the District Court for Polk County, Iowa on January 6, 2025. (ECF No. 1-1.) Plaintiff's Petition contained five claims, four of which (Counts I, III, IV and Alternate Count I) he asserted on behalf of himself and a putative class. (*Id.* ¶ 112.) With respect to the remaining claim (Count II), Plaintiff pleaded that he intended to "provid[e] a copy of this complaint to the Iowa Attorney General with a request to permit a class action claim be included in a first amended complaint on Count II, the consumer fraud claim, pursuant to Iowa Code 714H.7." (*Id.* ¶ 113.)

On January 8, 2025, counsel for Plaintiff sent a courtesy copy of the Petition to counsel of record in *Trump v. Selzer*, No. 4:24-cv-00449 (S.D. Iowa filed Dec. 16, 2024), which is also pending in this Court. (*See* Decl. of Nicholas A. Klinefeldt ("Klinefeldt Decl."), Ex. 1 at 3.)[1] On

---

[1] This Court may consider "declarations and other evidence" when reviewing a remand motion. *See Leflar v. Target Corp.*, 57 F.4th 600, 605 (8th Cir. 2023); *see also Pudlowski v. The St. Louis Rams*, 829 F.3d 963, 964–65 (8th Cir. 2016) (per curiam).

January 9, 2025, counsel for Defendants Des Moines Register & Tribune Co. and Gannett Co., Inc. ("Press Defendants") confirmed to all counsel that "[w]e plan to accept service on behalf of the Register and Gannett" subject to further arrangements. (*Id.* at 1.) Thereafter, counsel for all Parties remained in regular contact by email and videoconference through April 2025. (*See* Klinefeldt Decl., Exs. 2–3.) The Parties agreed that Plaintiff would defer service of the Petition and Defendants would defer acceptance of service pending Plaintiff's receipt of Attorney General approval to amend Count II and to allow the *Trump* case to proceed toward this Court's determination of jurisdiction. *See Trump*, No. 4:24-cv-00449, Mot. for Remand, ECF No. 30 (S.D. Iowa Feb. 21, 2025). (*See also* Klinefeldt Decl., Exs. 2–3, 5.) Contrary to Plaintiff's assertion, at no time did the Parties discuss—much less agree to—any "baseline assumption that [the *Donnelly* case] would continue in state court."[2] (ECF No. 21-1 at 5.)

On March 7, 2025, Plaintiff's counsel disclosed that he had received permission from the Iowa Attorney General to assert a consumer fraud claim under Count II on behalf of the putative class. (Klinefeldt Decl., Ex. 4.) But Plaintiff did not amend his pleading. (*See* ECF No. 1-2.)

On March 28, 2025, Plaintiff's counsel contacted Defendants' counsel and requested that Defendants accept service by the mandatory service deadline. *See* Iowa R. Civ. P. 1.302(5). (*See also* Klinefeldt Decl., Ex. 5.) Plaintiff's counsel also proposed to stipulate to an extended answering period following acceptance of service and indicated that the extension would give the Parties additional time to potentially learn whether the *Trump* case would remain in federal court or be remanded to state court. (*See* Klinefeldt Decl., Ex. 5.)

---

[2] Plaintiff's statement of this "assumption" and other characterizations of the Parties' communications in the Motion are self-serving, conclusory, and unsupported by any declaration or appended documentation. (*See* ECF No. 21-1 at 4–5.) The Court should disregard them.

3

On April 4, 2025, Defendants filed acceptances of service, even though Plaintiff had not filed his amended petition. (*See* ECF No. 1-2 at 43–44, 56–58.) Those time-mandated acceptances of service triggered Defendants' deadline to seek removal under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1446(b). Although the question of jurisdiction over the *Trump* case was not yet determined, Defendants were required by statute to exercise their right to remove the case to this Court under CAFA or waive that right by May 5, 2025. *See id.*

On April 24, 2025, Gannett timely removed the lawsuit to this Court because this Court has jurisdiction under CAFA. (ECF No. 1.) The minimal diversity requirement is satisfied; the amount in controversy exceeds $5,000,000.00; and the aggregate number of putative class members is 100 or more. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B). Plaintiff has not disputed that this lawsuit satisfies these requirements. Instead, Plaintiff moved for remand on May 23, 2025, pursuant to 28 U.S.C. § 1447(c), claiming that Gannett's removal was untimely. (*See* ECF No. 21-1 at 4–7.) In the alternative, Plaintiff requests leave to conduct jurisdictional discovery in the hope that an exception to CAFA jurisdiction will require remand. (*Id.* at 7–12.) Plaintiff subsequently filed a First Amended Complaint on June 2, 2025. (*See* ECF No. 22 ("Am. Compl.").)

But the case is properly before this Court and should remain before this Court. Gannett's removal was timely filed within thirty days of its acceptance of service of the Petition, as required. *See* 28 U.S.C. §§ 1332(d), 1446(b). This Court should therefore deny Plaintiff's Motion. Moreover, irrespective of the citizenship of the putative class members, none of the statutory exceptions to CAFA jurisdiction applies. Accordingly, Plaintiff's request for jurisdictional discovery is unwarranted. The Court should deny Plaintiff's Motion in its entirety.

**LEGAL STANDARD**

CAFA provides that "[a] party can remove a class action to federal court if three conditions are met: 1) minimum diversity exists, 2) the proposed class has at least 100 members, and 3) there is more than $5 million in controversy." *Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1093–94 (8th Cir. 2023) (citing 28 U.S.C. § 1332). If these three requirements are met, then "a federal court can exercise jurisdiction over [the class action]." *Leflar*, 57 F.4th at 603.

Where a jurisdictional challenge arises after removal, "the removing party bears the burden of showing by a preponderance of the evidence that the case meets each one of the requirements." *Id.* Moreover, "[t]here is no presumption against federal jurisdiction in class action cases." *Brunts*, 68 F.4th at 1094; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA."). "Instead, as in any other case, a preponderance-of-the-evidence standard involves a straight-up weighing of the evidence to determine which side has the better of the argument." *Leflar*, 57 F.4th at 604. And "district courts must 'accept' the allegations in the notice if they are 'made in good faith.'" *Id.* (quoting *Dart*, 574 U.S. at 87).

Under the controlling case law, therefore, this Court will presume the factual allegations in the Notice of Removal establishing jurisdiction are true; will not apply any presumption in favor of remand; and will affirmatively assert and exercise its jurisdiction. *See Dart*, 574 U.S. at 87; *Leflar*, 57 F.4th at 604; *Brunts*, 68 F.4th at 1093–94.

**ARGUMENT**

I. **THIS CASE SATISFIES CAFA JURISDICTION REQUIREMENTS, AND THE REMOVAL WAS TIMELY**

Plaintiff does not—and cannot—dispute that Gannett has satisfied the three conditions for CAFA removal. *See Brunts*, 68 F.4th at 1093–94. The Notice of Removal states: (1) the parties in

5

the case are minimally diverse because at least one member of the class is a citizen of a state different than any defendant; (2) the Petition seeks certification of a class greater than 100 members; and (3) the amount in controversy—including alleged actual damages in the amount of $2,799,600, plus punitive damages and attorneys' fees—exceeds $5,000,000. (ECF No. 1 ¶¶ 16–18.) Accordingly, "the case belongs in federal court." *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019).

Rather than contest the merits of removal, Plaintiff asserts that Press Defendants' removal was untimely. (*See* ECF No. 21 ¶ 1; *see also* ECF No. 21-1 at 4–7.) This assertion is in error, and the Court should reject it.

A defendant may file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of [the complaint]." 28 U.S.C. § 1446(b). "[T]he 'service or otherwise' language was not intended to abrogate the service requirement for purposes of Rule 81(c), [and] that same language also was not intended to bypass service as a starter for § 1446(b)'s clock." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 (1999). The thirty-day removal period thus begins when the defendant is formally served, not merely when it receives a courtesy copy. *See id.* at 354 ("[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons."); *see also Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002) ("The law is settled in this Circuit that the thirty-day period to file a notice of removal runs from the time that a defendant is served with the complaint."). Plaintiff concedes these principles are accurate statements of controlling law. (*See* ECF No. 21-1 at 5.) Therefore, because Press Defendants accepted service on April 4, 2025, and removed the action to federal court on April 24, 2025, the notice of removal was timely.

Plaintiff argues that this Court should apply an *ad hoc* exception to the bright-line timeliness rule because Plaintiff alleges Defendants engaged in "gamesmanship" with respect to the timing of the removal. (*See id.* at 6.) Plaintiff's "gamesmanship" argument is expressly predicated upon Plaintiff's "baseline assumption that [the case] would continue in state court." (*Id.* at 5.) However, Plaintiff's "assumption" is not an agreement amongst the Parties nor controlling on any court; and to be clear, Press Defendants were not under the "assumption" that Plaintiff claims. Any such assumption was never discussed between the Parties, nor would it have been reasonable. Rather, Plaintiff agreed to defer service of the pleading because he understood that the outcome of the challenge to the removal of the *Trump* case could have affected the Parties' view of the correct forum for this case. One possible outcome (and indeed, the now-known outcome[3]) was always that the *Trump* case would remain in federal court.

The cases Plaintiff cites also do not support his claim of gamesmanship. He principally relies on two distinguishable, unreported cases from other jurisdictions: *Minuto v. Kaiden*, No. 23-cv-01765, 2023 WL 4740908 (D.N.J. July 25, 2023); and *Waddell v. Nat'l Asset Recovery, Inc.*, No. 08-0250, 2009 WL 10705240 (W.D. Mo. Jan. 28, 2009).[4]

In *Waddell*, the plaintiff took affirmative steps to serve the defendant by certified mail at the address the defendant had on file with the Secretary of State. 2009 WL 10705240, at *1–2. The defendant was aware of the lawsuit, had moved to a new residence, and failed to update its address with the Secretary of State as required. *Id.* at *3. The court held the removal clock began running

---

[3] *See Trump* No. 4:24-cv-00449, Order re: Mots. to Remand and for Att'ys' Fees, ECF No. 65 (S.D. Iowa May 23, 2025).

[4] The other two cases Plaintiff cites (neither of which are in the Eighth Circuit), concern defendants who sought to remove under CAFA long *after* the thirty-day deadline for removal from the initial date of service had elapsed. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013); *Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1126–27 (C.D. Cal. 2016). These cases have no applicability—either directly or analogically—in this case.

prior to service, in part because "any doubt about the propriety of removal is resolved in favor of state court jurisdiction." *Id.* at *4. But this principle expressly *does not apply* in CAFA cases. *See Dart*, 574 U.S. at 89. And in this case, unlike in *Waddell*, Plaintiff made no attempt to effectuate service, nor did Press Defendants seek to evade service. Rather, Plaintiff's counsel openly stipulated to a plan to defer service. *Waddell* does not support Plaintiff's Motion.

In *Minuto*, the plaintiff was unable to serve one of multiple defendants "despite several attempts." 2023 WL 4740908, at *1. The non-served defendant had notice of the lawsuit and actively litigated the case "through" another defendant over which it had control. *Id.* at *3. After receiving adverse filings from the plaintiff, the non-served defendant attempted removal. *Id.* The court found such conduct impermissible. *Id.* at *4–5. But here, as set forth above, Press Defendants accepted service according to their agreement with Plaintiff's counsel, and no proceedings had occurred in state court. Gannett timely exercised its right to remove the case to federal court. *Minuto* also does not support Plaintiff's Motion.

Press Defendants cooperated with Plaintiff from the outset, engaging in periodic communications, waiting for Plaintiff to file his amended petition, and accepting service of the pleading when requested. (*See* Klinefeldt Decl., Exs. 1–5.) Gannett's removal was timely, and this Court should therefore deny Plaintiff's Motion.

## II.  JURISDICTIONAL DISCOVERY IS UNWARRANTED BECAUSE NO EXCEPTION TO CAFA JURISDICTION CAN APPLY

As an alternative to his Motion for Remand, Plaintiff asks the Court for limited jurisdictional discovery. (ECF No. 21-1 at 7–12.) Specifically, Plaintiff seeks "the subscriber list for the *Des Moines Register* Sunday edition as of November 1, 2024." (*Id.* at 11.) Plaintiff argues that the requested information will allow him to "easily establish" the portion of putative "class

8

members [that] are residents of Iowa," and thus establish the applicability of one or more of the statutory exceptions to CAFA jurisdiction. (*Id.*)

However, Plaintiff's request for this discovery is procedurally improper because it is unsupported by an affidavit and is based entirely on speculation contrary to Eighth Circuit law. This Court should dismiss the request on these bases alone. Further, discovery into the residency of the putative class will not advance an argument that one of the CAFA exceptions would require remand, rendering Plaintiff's requested discovery unnecessary.

### A. Plaintiff's Request for Jurisdictional Discovery Is Procedurally Improper and Speculative

As a threshold matter, Plaintiff's request for jurisdictional discovery fails for two reasons. *First*, Plaintiff failed to submit an affidavit as is required, and his request is therefore procedurally improper. Under Eighth Circuit precedent, jurisdictional discovery is only warranted if the "facts necessary to resolv[e] the jurisdictional inquiry are either unknown or [can be genuinely] disputed." *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011). "Courts look to decisions under Rule 56 for guidance in determining whether to allow discovery on jurisdictional facts." *Johnston v. United States*, 534 F.3d 958, 965 (8th Cir. 2008).

> To request discovery under Rule 56([d][5]), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.

*Id.* In other words, any such assertion that facts are unknown or in dispute *must* be supported by a Rule 56(d) affidavit. *See id.* Here, Plaintiff filed no such affidavit setting forth his purportedly "straightforward" request for jurisdictional discovery, let alone describing any efforts—successful

---

[5] "The original quote references Rule 56(f); however, 56(f) was 'recodified without substantial change as Rule 56(d) effective December 1, 2010.'" *Sleighter v. United States*, No. 5:24-CV-05014, 2025 WL 238880, at *12 n.2 (D.S.D. Jan. 17, 2025) (quoting *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 888 n.11 (8th Cir. 2015)).

or otherwise—to obtain citizenship information of the purported class members during the relevant time period.

*Second*, Plaintiff's request for jurisdictional discovery is speculative. Plaintiff summarily asserts that *The Register*'s subscriber list for its Sunday edition as of November 1, 2024 "will easily establish what percentage of class members are residents of Iowa." (ECF No. 21-1 at 11.) He does not explain why he believes that to be the case or how such a list would establish the facts he seeks. (*See id.*) The Eighth Circuit has made clear that a bare "assertion that jurisdictional discovery 'would likely' reveal . . . facts [necessary to support jurisdiction] is entirely speculative, and '[w]hen a plaintiff offers only speculation or conclusory assertions about [the existence of facts demonstrating jurisdiction], a court is within its discretion in denying jurisdictional discovery.'" *Viasystems, Inc.*, 646 F.3d at 598 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004)).

Because Plaintiff's request for jurisdictional discovery is both procedurally defective and entirely speculative, the Court should deny it at the outset.

### B. None of the Exceptions to CAFA Jurisdiction Apply, Regardless of the Residency of the Putative Class Members

There are three geography-based exceptions to CAFA jurisdiction: (1) the local-controversy exception; (2) the home-state exception; and (3) the discretionary exception. Regardless of the result of the jurisdictional discovery Plaintiff seeks, none of these exceptions could possibly apply.

#### 1. The Local-Controversy Exception Does Not Apply Because Plaintiff Cannot Satisfy the Principal Injuries Prong

First, the local-controversy exception will not require remand. Under the local-controversy exception, a court "shall decline to exercise jurisdiction" when a plaintiff can prove that: (1) at least two-thirds of the putative class are citizens of the forum state (the "citizenship prong"); (2) at

10

least one defendant whose actions form a significant basis for the claims must be a citizen of the forum state; (3) the principal injuries occurred in the forum state (the "principal-injuries prong"); *and* (4) there has been no class action asserting "the same or similar factual allegations against any of the defendants on behalf of the same or other persons" filed within the last three years. 28 U.S.C. § 1332(d)(4)(A).

Plaintiff bears the burden to establish that the exception applies. *Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1093 (8th Cir. 2021). And because the exception's four prongs are conjunctive, Plaintiff must show that *all four* are satisfied. *See Atwood v. Peterson*, 936 F.3d 835, 841, 841 n.5 (8th Cir. 2019) (per curiam); *see also Erdahl v. Comm'r of Internal Revenue*, 930 F.2d 585, 591 n.8 (8th Cir. 1991). In considering whether a party seeking remand has met this burden, courts consider that "[t]he language and structure of CAFA . . . indicate[] that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). The local-controversy exception is one of these "narrow," non-jurisdictional exceptions to CAFA's grant of jurisdiction. *See id.*; *see also Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("The local-controversy exception is narrow."). Thus, "any doubt about the applicability of CAFA's local-controversy exception" must be resolved against the party seeking remand and in favor of retaining jurisdiction over the case. *Westerfeld*, 621 F.3d at 823.

Plaintiff argues that this case "is almost certainly a classic local controversy," (ECF No. 21-1 at 8), but a close examination of the four prongs shows otherwise. The Parties do not dispute that at least one defendant whose actions form a significant basis for the claims is a citizen of Iowa, nor do they dispute that no other similar class actions have been filed against Defendants on behalf of the same person or persons within the last three years. Plaintiff's request for jurisdictional

11

discovery is premised on his speculation that the discovery would establish that two-thirds of the putative class members are Iowa citizens. (*See id.* at 7–9.) However, even if the Court were to permit such discovery (though it should not), Plaintiff will not be able to satisfy the mandatory principal-injuries prong and thus cannot prevail on the local-controversy exception.

Plaintiff's Motion does not substantively address the principal-injuries prong. (*See id.* at 7–12.) Instead, it merely presumes that if the citizenship prong is satisfied, the principal-injuries prong is also satisfied. (*See id.* at 8.) This is incorrect. The two inquiries are distinct: the citizenship of the putative class does not dictate whether the principal injuries are also local. A recent Fifth Circuit ruling makes the distinctions clear. *See Cheapside Mins., Ltd. v. Devon Energy Prod. Co., L.P.*, 94 F.4th 492, 500 (5th Cir. 2024); *see also In re Miller*, 276 F.3d 424, 428–29 (8th Cir. 2002) ("[W]e adhere to the policy that a sister circuit's reasoned decision deserves great weight and precedential value.").

In *Cheapside*, the court carefully reviewed the statutory language and concluded that "when *some* plaintiffs sustain their primary injuries in the forum state but others do not," the principal-injuries prong "is not satisfied." 94 F.4th at 500 (citing 28 U.S.C. § 1332(d)(4)(A)(i)(III)) (emphasis added). The court set forth several bases for this holding. "First, CAFA ties the 'principal injuries' sustained to the *entire* class, not just a subset of it," and "[t]here is no exception for cases in which *most* plaintiffs sustain the principal injury in the forum state but some do not." *Id.* (emphasis in original). Second, when drafting CAFA, "Congress enumerated when *fewer than* all plaintiffs must meet certain requirements," (such as with respect to the citizenship prong) and if Congress intended for the principal-injuries prong to be satisfied with fewer than all class members, it would have said so. *Id.* at 500–01 (emphasis in original). Finally, the court's interpretation is consistent with CAFA's "mass actions" exception, which specifically provides that

12

it relates to claims "that allegedly resulted in injuries in that State *or in States contiguous to that State.*" *Id.* at 501 (quoting 28 U.S.C. § 1332(d)(11)(B)(ii)(I)) (emphasis in original).

In other words, if Congress had intended for the local-controversy exception to apply in cases where *most* of the principal injuries occurred in the forum state but some injuries occurred in other states, it would have said so. But Congress did *not* say so. Many courts analyzing the principal-injuries prong reach the same conclusion. *See Brook v. UnitedHealth Grp., Inc.*, No. 06 CV 12954, 2007 WL 2827808, at *4 (S.D.N.Y. Sept. 27, 2007); *Brown v. Paducah & Louisville Ry., Inc.*, No. 3:12-CV-00818, 2013 WL 5273773, at *7 (W.D. Ky. Sept. 17, 2013); *Eakins v. Pella Corp.*, 455 F. Supp. 2d 450, 453 (E.D.N.C. 2006); *Winn v. Mondelez Int'l, Inc.*, No. 17-cv-02524, 2018 WL 3151774, at *4 (N.D. Cal. June 28, 2018); *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011).

Further, the *Cheapside* holding is consistent with the legislative history record for CAFA generally and for the principal-injuries prong specifically. The Senate Report on the CAFA legislation reflects Congress's intent regarding application of the principal-injuries prong:

> For example, a class action in which local residents seek compensation for property damage resulting from a chemical leak at a manufacturing plant in that community would fit this criterion, provided that the property damage was limited to residents in the vicinity of the plant. *However, if the defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states, the case would not qualify for this exception, even if it were brought only as a single-state class action*.

S. REP. NO. 109-14, at 40 (2005) (emphasis added); *see also id.* at 39 ("[A] federal court should bear in mind that the purpose of each of these criteria [of the local-controversy exception] is to identify a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others."); *id.* at 41 ("The fact that [a] suit was brought as a single-state class action does not mean that the principal injuries were local. In other words, [the principal-injuries prong] looks at where the principal injuries were suffered by everyone who was affected by the alleged

13

conduct—not just where the proposed class members were injured."). Several courts have relied on the Senate Report in determining whether the principal-injuries prong of the local-controversy exception applies. *See, e.g.*, *Faulk v. JELD-WEN, Inc.*, 650 F. Supp. 3d 803, 812 n.65 (D. Alaska 2023); *Beasley v. Lucky Stores, Inc.*, 379 F. Supp. 3d 1039, 1043–44 (N.D. Cal. 2019); *Palladino v. JP Morgan Chase & Co.*, 23-CV-1215, 2023 WL 4034358, at *4 (E.D.N.Y. June 15, 2023).

Plaintiff's pleading is premised on his speculation that the difference between the Iowa Poll results published in *The Register* and the final election results was so substantial that subscribers to *The Register* "were provided a fundamentally flawed product" such that they lost "the value" of their subscriptions. (Am. Compl. ¶¶ 7, 61, 157.) *The Register* has subscribers with mailing or billing addresses in all fifty U.S. states, not just in Iowa. (*See* Decl. of Helen Trask ¶ 4, Ex. 1.) The alleged injury—i.e., the loss of the value of the subscription—is purely economic in nature and was therefore sustained at the place where the subscribers reside, as opposed to where *The Register* is located. *See, e.g.*, *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011) ("We have repeatedly held that a corporation incurs economic loss, for jurisdictional purposes, in the forum of its principal place of business."); *CMACO Auto. Sys., Inc. v. Wanxiang Am. Corp.*, 589 F.3d 235, 247 (6th Cir. 2009) ("Because the economic injury suffered by [plaintiff] . . . was clearly felt at its corporate headquarters [in California], the district court did not err in holding that [the plaintiff's] contract claim accrued . . . in California . . . ."); *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002) ("Where . . . the injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss." (cleaned up)).

Because the alleged injury occurred not just in Iowa, but in all fifty U.S. states, Plaintiff cannot possibly satisfy the principal injuries prong. *See Cheapside*, 94 F.4th at 500. The local-

14

controversy exception therefore does not support remand, regardless of the citizenship of putative class members. *See Atwood*, 936 F.3d at 841, 841 n.5.

### 2. The Petition Alleges That Gannett Is a Primary Defendant, and the Home State and Discretionary Exceptions Therefore Do Not Apply

The home-state exception provides that the "district court shall decline to exercise jurisdiction" where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). All primary defendants must be citizens of the state in which the action was originally filed for the exception to apply. *See, e.g.*, *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1067 (9th Cir. 2019) ("[CAFA] requires remand under the home state exception only if all primary defendants are citizens of the alleged home state." (internal quotation omitted)); *Dean v. Draughons Junior Coll. Inc.*, No. 3:12-cv-0157, 2012 WL 2357492, at *4 (M.D. Tenn. June 20, 2012) ("[T]he plural use of 'defendants' means that all primary defendants must be citizens of the state in which the action was original filed." (internal quotation omitted)).

Under the discretionary exception, "[a] district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and* the primary defendants are citizens of the State in which the action was originally filed . . . ." 28 U.S.C. § 1332(d)(3) (emphasis added). *All* primary defendants—not just some—must be citizens of Iowa for the discretionary exception to apply here. *See, e.g.*, *Smith v. Marcus Millichap, Inc.*, 991 F.3d 1145, 1162–63 (11th Cir. 2021) (noting the "discretionary exception's requirement that all 'primary defendants'" be citizens of the state in which the action was filed); *Alegre v. Atl. Cent. Logistics*, No. 15-2342, 2015 WL 4607196, at *10 (D.N.J. July 31,

2015) (stating that, in the context of the discretionary exception, "the primary defendants language refers to *all* of the primary defendants" (internal quotation omitted) (emphasis in original)).

Neither the home-state nor the discretionary exception can apply in this case because on the face of the Petition, Plaintiff alleges that Gannett is a "primary defendant" for purposes of CAFA. Although CAFA does not expressly define the term "primary defendants," federal circuit courts analyzing the issue have found a "primary defendant" to be one whose liability is: (1) direct, not vicarious or secondary; (2) applicable to a large portion of the proposed class; and (3) substantial as compared to the other defendants. *See Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 504–05 (3d Cir. 2013); *see also Singh*, 925 F.3d at 1067–68; *Hunter v. City of Montgomery*, 859 F.3d 1329, 1335–37 (11th Cir. 2017). District courts within the Eighth Circuit have also concluded that where the complaint does not single out any particular defendant as more responsible for the alleged harm than any other defendant, *all* defendants are "primary defendants." *See*, *e.g.*, *Nicholson v. Prime Tanning Corp.*, No. 09-6083-CV, 2009 WL 2900042, at *2 (W.D. Mo. Sept. 3, 2009) ("Courts have routinely held that when a complaint fails to distinguish among defendants as to theories of liability, all are considered primary defendants."); *Green v. SuperShuttle Int'l, Inc.*, No. 09-2129, 2010 WL 419964, at *4 (D. Minn. Jan. 29, 2010) (finding that all defendants are "primary defendants" when a complaint does not make facial distinctions among them).

Here, Plaintiff now contends in his Motion that "Gannett is present as a secondary defendant for its role in managing and setting policy for the *Register*." (ECF No. 21-1 at 9.) This apparently self-corrective statement is inconsistent with the pleading. Throughout the Petition, Plaintiff repeatedly refers to "Defendants" as an undistinguished collective. (*See* Am. Compl. ¶¶ 17, 48, 99, 104, 113, 118, 122, 152, 154–57, 177, 180–81, 202, 205, 208–12.) In addition, the

Petition alleges that "Gannett exercises editorial control over its affiliates to an extent unseen in other chain newspapers" and "has a history of telling its newspapers what they can and cannot do while covering politically sensitive issues." (*Id.* ¶¶ 86–87.) And specific to *The Register* and the Iowa Poll, the Petition alleges an "editorial management tie between Gannett papers [like *The Register*] and Gannett corporate," and a "tie between Gannett and the *Register* specific to the poll." (*Id.* ¶¶ 69, 72.) Plaintiff's prayer for relief also does not distinguish between any of the Defendants—let alone *The Register* and Gannett. (*See id.* ¶¶ 208–12.) Moreover, it is clear from the face of the Petition that all Defendants—including Gannett—were sued directly for all causes of action at issue as opposed to being sued on a secondary or derivative basis. (*See id.* ¶¶ 123–206.) And Plaintiff seeks relief against all Defendants equally. (*See id.* ¶¶ 208–12).

Plaintiff cannot on one hand seek complete, joint, and several relief against Gannett without distinction, and on the other hand, claim that Gannett is a "secondary defendant" for the sole purpose of evading CAFA jurisdiction. Putting aside the inconsistencies in Plaintiff's characterizations of Gannett's role and whether the Petition states any claim against Gannett, the face of the Petition expressly alleges that Gannett is a primary defendant but not a citizen of Iowa. Therefore, the home-state and discretionary exceptions are inapplicable.

In sum, since the citizenship of the putative class members will not require remand under any circumstance, Plaintiff's request for jurisdictional discovery should be denied. Courts decline jurisdictional discovery when they conclude that the defendant shows unimpeached federal CAFA jurisdiction. *See, e.g.*, *Ahmad v. Panera Bread Co.*, No. 4:21-CV-311, 2021 WL 2222707, at *5 (E.D. Mo. June 2, 2021) (denying request for jurisdictional discovery as to the amount in controversy because "accurate calculations of damages are not required in determining CAFA jurisdiction"); *Femmer v. Sephora USA, Inc.*, No. 4:20-CV-676, 2020 WL 5632443, at *4 (E.D.

Mo. Sept. 21, 2020) (denying motion for jurisdictional discovery where defendant submitted evidence showing it satisfied the CAFA amount-in-controversy requirement). Because Press Defendants have demonstrated that CAFA jurisdiction exists regardless of the citizenship of the putative class, this Court should deny Plaintiff's request for jurisdictional discovery.

## CONCLUSION

For the reasons stated above, this Court should deny Plaintiff's Motion in its entirety.

Dated: June 6, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
David Yoshimura, AT0012422
801 Grand Avenue, 33rd Floor
Des Moines, IA, 50309
Telephone: (515) 248-9000
Fax: (515) 248-9010
Email: *nick.klinefeldt@faegredrinker.com*
           *david.yoshimura@faegredrinker.com*

**ATTORNEYS FOR DEFENDANTS DES MOINES REGISTER AND TRIBUNE COMPANY AND GANNETT CO., INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of **Des Moines Register & Tribune Co. and Gannett Co., Inc.'s Resistance to Plaintiff's Motion for Remand** was served upon all parties of record through the court's CM/ECF electronic filing on June 6, 2025.

/s/ *Paulette Ohnemus*