IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DENNIS DONNELLY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DES MOINES REGISTER AND TRIBUNE CO., INC.; J. ANN SELZER; SELZER & COMPANY; and GANNETT CO., INC.,<br><br>Defendants. | Case No. 4:25-cv-00150-RGE-WPK |

**REPLY BRIEF IN SUPPORT
OF MOTION TO REMAND OR IN THE
ALTERNATIVE FOR JURISDICTIONAL DISCOVERY**

Robert R. Anderson
P.O. Box 4
Atlantic, Iowa 50022
(515) 382-1278
bobandersoniowan@gmail.com

Daniel R. Suhr (pro hac vice)
Center for American Rights
727 N. LaSalle Street, Suite 210
Chicago, Illinois 60654
dsuhr@americanrights.org

**I. Gannett did not act timely to remove this case.**

The fundamental facts remain: Gannett agreed in principle to accept service on January 9, 2025. It waited to file its notice of CAFA removal until April 24, 2025, a span of 105 days. The possibility of such a removal to federal court was never broached in any meet-and-confer during that period, though numerous video and email conversations took place. The result of the delay is now that this case is several months behind the companion *Trump* case, which has fully briefed motions to dismiss before this case even has such motions on file. As a result of Gannett's delay, either this Court will resolve the *Trump* motions before Mr. Donnelly gets his day in court, his chance to make his arguments, or the *Trump* parties will have to wait several months for the *Donnelly* case to "catch up." All of that could have been mitigated or even avoided if Gannett had acted promptly to remove the case, such promptitude being the point of the 30-day requirement in the statute.

**II. Discovery is necessary to ensure this court's jurisdiction over this case.**

A. Gannett's supposed requirement for an affidavit is not a hard-and-fast rule. Nothing in CAFA requires such an affidavit. And Rule 56 by its terms applies to summary judgment, not jurisdictional discovery. Parties and courts "look to decisions under Rule 56 for guidance in determining whether to allow discovery on jurisdictional facts." *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008). "[G]uidance" is not the same as a hard-and-fast rule. Moreover, Mr. Donnelly's counsel did submit a signed document to this court explaining why he could not reasonably be expected to independently access the mailing address information of the *Register's* subscribers.

Regardless, this Court must move forward with his request because CAFA's first two exceptions are jurisdictional and "[t]his Court has an independent obligation to

determine its own subject matter jurisdiction." *Luebbers v. BJC Health Sys.*, 2025 U.S. Dist. LEXIS 31286, *7 (E.D.Mo. Feb. 21, 2025). These are "mandatory exceptions to federal jurisdiction under CAFA." *City of O'Fallon, Mo. v. CenturyLink, Inc*., 930 F. Supp. 2d 1035, 1039 (E.D. Mo. 2013). *See Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964-965 (8th Cir. 2016) ("A court has an independent obligation to ensure that the case is properly before it. Discovery is often necessary because jurisdictional requirements rest on facts that can be disputed, for instance, the domicile of the parties."). The Court must be assured of its jurisdiction when a substantial question has been raised.

B. Mr. Donnelly's request is not "speculative." As he explained, the district courts of this circuit have granted requests in similar circumstances where "[i]t is reasonable to infer" a concentration of class members in a single state. *Luebbers*, 2025 U.S. Dist. LEXIS 31286, *7. *See, e.g., McAllister v. St. Louis Rams, LLC*, 2016 U.S. Dist. LEXIS 173419, *8 (E.D.Mo. Dec. 15, 2016) ("The Rams were located in St. Louis, and intuitively a Missouri team would be patronized by Missouri citizens. Even though it appears to the Court that there is a great likelihood that more than two-thirds of the plaintiffs' class consists of Missouri citizens, out of an abundance of caution, the Court will allow limited discovery. . ."). The point of discovery is that Mr. Donnelly does not have—cannot access—the necessary facts, so any such request is in some sense "speculative." The question is whether the plaintiff's assertion is reasonable and common sense, or speculative and subject to skepticism. Ultimately this Court must make a judgment call: is there a reasonable likelihood that at least 2/3rds of subscribers to the *Des Moines Register* live in Iowa? If so, then it should permit Mr. Donnelly to proceed with jurisdictional discovery.

C. Mr. Donnelly can establish the principal injuries prong of the local-controversy exception. That a small slice of class members reside outside the forum state is not a barrier to the exception. For instance, a court found the prong satisfied where, "[a]lthough some other states each have a smattering of Talen Montana creditors, the sheer amount of damage caused to Montana citizens, particularly the hundreds of employees and retirees residing in Rosebud County, and to the Montana Department of Environmental Quality makes this a controversy that 'uniquely affects' Montana unlike anywhere else." *Talen Mont. Ret. Plan v. PPL Corp.*, 2019 U.S. Dist. LEXIS 159130, *22 (D. Mont. Sept. 13, 2019).

Or another for instance: though "donors of [a non-profit organization] are likely spread across the country," the court nevertheless held the principal injuries prong was met when "the issues center around a closure of a local school in Ventura County, California and the harm it has on its students, applicants, benefactors/factors, and donors—who are, as the Removing Defendants concede, at least two thirds California citizens." *Iverson v. SND Nat'l Ministry Corp.*, 2024 U.S. Dist. LEXIS 172670, *24 (Sept. 23, 2024).

In fact, federal district courts regularly remand even if a few class members live outside the forum state because the plaintiff can satisfy the principal injuries prong by showing "the unique extent of injuries to" residents of that state. *Aarstad v. Burlington No. Santa Fe Ry.*, 2020 U.S. Dist. LEXIS 60326, *12 (D. Mont. April 6, 2020). *See Williams v. Exec. Risk Specialty Ins. Co.*, 2011 U.S. Dist. LEXIS 64348, *31 (W.D.La. June 17, 2011) (similar); *Richins v. Hofstra Univ.*, 908 F. Supp. 2d 358, 363 (E.D.N.Y. 2012) (prong satisfied even where over 20% of putative class members had out-of-state addresses).

The Senate Report on CAFA itself does not suggest a requirement that every single injured person live in the state: "The third criterion is that the principal injuries resulting

3

from the actions of all the defendants must have occurred in the state where the suit was filed. By this criterion, the Committee means that all or almost all of the damage caused by defendants' alleged conduct occurred in the state where the suit was brought." SENATE REPORT NO. 109-14 S. REP. 109-14, 40, 2005 U.S.C.C.A.N. 3, 38 (2005). "All or almost all" is a different standard than "literally all" as required by *Cheapside Mins., Ltd. v. Devon Energy Prod. Co., L.P.*, 94 F.4th 492 (5th Cir. 2024). Thus, decisions like *Talen* or *Iverson* better fit CAFA's legislative history by recognizing a local controversy even where "a smattering" of class members live in other states.

Put differently, this is not a case like those where the plaintiff is trying to evade CAFA by defining a class as only residents of one state when the products were advertised and sold to a national consumer audience. *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011) ("CAFA's legislative history shows that Congress did not intend for plaintiffs to defeat federal jurisdiction by filing essentially national or regional class actions limited to plaintiffs from one state").

This is a case truly tied to Iowa—the poll is of Iowans, it is called The Iowa Poll, the class of plaintiffs is overwhelmingly Iowans, the primary defendants are Iowans, and the injury to the entire body politic is uniquely that of Iowans. That there are a smattering of Iowa Hawkeyes fans in all fifty states hungry for news of their alma mater's sports successes does not transform this into an "interstate case[] of national importance." *Westerfeld v. Indep. Processing, LLC,* 621 F.3d 819, 822 (8th Cir. 2010) (quoting Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 2, 119 Stat. 4). "To hold otherwise would cause a distinctly local issue to be transformed into a national issue, which is the opposite of CAFA's intent." *Talen Mont. Ret. Plan*, 2019 U.S. Dist. LEXIS 159130, *22.

D. Gannett is not a primary defendant. For starters, the local-controversy exception discussed above does not ask about "primary defendants" at all, so if the Court agrees that there is a reasonable likelihood that 2/3rds of *Register* subscribers are Iowans and that the principal injuries occurred in Iowa, for the reasons outlined above, the Court must permit the motion on that basis and need not reach this question. If the Court disagrees, Mr. Donnelly should still be able to proceed with discovery on the home-state or discretionary exceptions. As Mr. Donnelly showed in his opening brief, precedents show Gannett is a secondary defendant when it is sued for its role as a parent company and for setting broad policies and standards. Opening Br. at 11, discussing *Mackey v. Chemtool Inc.*, 2022 U.S. Dist. LEXIS 143498, *5-6 (N.D.Ill. Aug. 11, 2022); *McClendon v. Challenge Financial Investors Corp.*, 2009 U.S. Dist. LEXIS 17908, *13 (N.D. Ohio Mar. 9, 2009).

E. The fact that Gannett can apparently quite easily have its Senior Vice President of Consumer Revenue and Transformation discern that the *Register* has subscribers in all fifty states (the Trask Declaration) shows how easy it would be for the *Register* to fulfill the limited jurisdictional discovery sought here. If Ms. Trask can promptly ascertain that the *Register* has subscribers in all fifty states at the relevant date, then presumably she could just as easily ascertain what percentage of subscribers live in Iowa. In other words, the limited jurisdictional discovery Mr. Donnelly seeks could likely be accomplished in a single interrogatory directed to a witness that Gannett itself has introduced into the case (Ms. Trask: using the same data set used in your declaration, please identify the number of subscribers with mailing or billing addresses in Iowa versus in all other states).

This is a case about Iowa on behalf of Iowans based solely on Iowa law. The motion to remand should be granted and the case returned to an Iowa court.

5

June 13, 2025

/s/ Bob Anderson
Robert R. Anderson
P.O. Box 4
Atlantic, Iowa 50022
(515) 382-1278
bobandersoniowan@gmail.com

/s/ Daniel R. Suhr
Daniel R. Suhr (pro hac vice)
Center for American Rights
727 N. LaSalle Street, Suite 210
Chicago, Illinois 60654
dsuhr@americanrights.org