IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DENNIS DONNELLY, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>DES MOINES REGISTER AND TRIBUNE COMPANY, J. ANN SELZER, SELZER & COMPANY, and GANNETT CO., INC.,<br><br>    Defendants. | No. 4:25-cv-00150-RGE-WPK<br><br>ORDER DENYING MOTION TO REMAND |

## I. INTRODUCTION

Plaintiff filed this case in the Iowa District Court for Polk County, asserting claims against Defendants on behalf of himself and a putative class. Defendant Gannett Co., Inc. removed the case to this Court, asserting federal jurisdiction under the Class Action Fairness Act.

Plaintiff moves to remand the case to state court or, in the alternative, to seek jurisdictional discovery. Plaintiff argues this case falls within an exception to the Class Action Fairness Act. In response, Defendants assert no exception applies. Defendants also argue Plaintiff's request for jurisdictional discovery is unnecessary.

For the reasons set forth below, the Court denies Plaintiff's motion to remand and declines to permit jurisdictional discovery.

## II. PROCEDURAL BACKGROUND

Donnelly initially filed suit in the Iowa District Court for Polk County on January 6, 2025, alleging five claims. Pet., ECF No. 1-1. Count I asserts fraudulent misrepresentation, or in the alternative reckless negligent misrepresentation (Alternative Count I); Count II asserts a consumer fraud claim; Count III asserts a professional malpractice claim; and Count IV asserts interference with the right to vote. *Id.* Gannett accepted service on April 4, 2025. Certificate of Service, ECF

No. 1-2. Gannett removed the case on April 24, 2025, on the basis of class action diversity jurisdiction under the Class Action Fairness Act. Def. Gannett's Notice of Removal ¶¶ 14–15, ECF No. 1. Shortly thereafter, Donnelly filed a motion to remand, which is now before the Court. Pl.'s Mot. Remand, ECF No. 21; Pl.'s Br. Supp. Mot. Remand, ECF No. 21-1. Gannett and Defendant Des Moines Register and Tribune Company resist, and Donnelly replies to Defendants' resistance. Def. Des Moines Register & Gannett's Resist. Pl.'s Mot. Remand, ECF No. 24; Pl's. Reply Supp. Mot. Remand, ECF No. 25.

### III. LEGAL STANDARD

Removal is permitted in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removable cases include those falling within the Court's diversity jurisdiction. *Id.* The Class Action Fairness Act (CAFA) grants federal courts jurisdiction over cases in which the amount in controversy exceeds $5,000,000, there is at least minimal diversity between the parties, and there is at least 100 members in the class. 28 U.S.C. § 1332(d); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). Minimal diversity is satisfied where "any class member and any defendant are citizens of different states." *Westerfeld*, 621 F.3d at 822. The Class Action Fairness Act includes two mandatory exceptions to federal jurisdiction. *Id.*; § 1332(d)(4). These exceptions operate as an abstention doctrine, requiring courts to abstain from exercising jurisdiction but not stripping the court of subject matter jurisdiction. *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011). The first mandatory exception, the local-controversy exception, states courts "shall decline to exercise jurisdiction":

> (i) over a class action in which—
>     (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>     (II) at least 1 defendant is a defendant—
>         (aa) from whom significant relief is sought by members of the plaintiff class;

2

> > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

28 U.S.C. § 1332(d)(4)(A). The second mandatory exception, the home-state exception, requires abstention where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Courts also have discretion to decline to exercise jurisdiction pursuant to the interest-of-justice exception. 28 U.S.C. § 1332(d)(3). This exception permits courts to "look[] at the totality of the circumstances" and "decline to exercise jurisdiction . . . over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . ." *Id.* Both the home-state exception and the interest-of-justice exception require all primary defendants be citizens of the State in which the action was originally filed.

"Although CAFA expanded federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *Westerfeld*, 621 F.3d at 822. Once the removing party has established that the Class Action Fairness Act's jurisdictional requirements have been met, the burden is on the party seeking remand to establish that one of the Class Action Fairness Act exceptions applies. *Id.* at 822–23 (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("[O]nce federal jurisdiction has been established under [§ 1332(d)(2)], the objecting party bears the burden of proof as to the applicability of any express statutory exception" under § 1332(d)(4)(A) and

3

(B))).

The Court relies on the facts alleged in Donnelly's state court petition rather than the amended complaint filed subsequent to removal. *See* Am. Compl., ECF No. 22. "It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citing *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009) (finding an argument in favor of remand based on an amended complaint was meritless because jurisdiction was to be determined at the time of removal)).

## IV. DISCUSSION

Donnelly first alleges the motion to remand should be granted because Defendants did not timely remove the case. ECF No. 21-1 at 4–7. Donnelly also argues even if removal was timely, one of the Class Action Fairness Act exceptions applies. *Id.* Donnelly also seeks jurisdictional discovery. ECF No. 21-1 at 7. The Court first addresses the timelessness of removal, then addresses the applicability of the Class Action Fairness Act exceptions, and finally addresses the request for jurisdictional discovery.

### A. Timeliness of Removal

Donnelly filed the state court action on January 6, 2025. ECF No. 21-1 at 4. Counsel for Defendants in this case also represent Defendants in another action with significantly overlapping subject matter.[1] Counsel for Donnelly provided Defense counsel with a courtesy copy of the complaint in this action and sought to discuss arranging convenient service of process. *Id.* Because of the overlapping subject matter between this case and the *Trump* case, counsel for Donnelly agreed to allow the full ninety-day timeline for service of process to run in this case so proceedings

---

[1] Defendants here are also defendants in *Trump v. Selzer*, No. 4:24-cv-00449-RGE-WPK (S.D. Iowa). The *Trump* case also centers around the Des Moines Register's publication of the Seltzer presidential election poll.

4

in the *Trump* case could develop further. *Id.* Once counsel for both parties recognized that the timeline for the *Trump* case would extend past the ninety-day window for service in this case, both parties met again to "finalize plans." *Id.* at 5. Service of process was accepted in this case on April 4, 2025. *Id.* Gannett's notice of removal was filed on April 24, 2025. *Id.* This is twenty days after service of process.

A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." 28 U.S.C. § 1446(b)(1). The clock for removal of a case to federal court starts on the date of service. *Murphy Bros., Inc v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999) (rejecting "the so-called 'receipt rule'—starting the time to remove on receipt of a copy of the complaint, however informally, despite the absence of any formal service"); *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002) ("The law is settled in this Circuit that the thirty-day period to file a notice of removal runs from the time that a defendant is served with the complaint").

Donnelly requests this rule be set aside because of alleged "gamesmanship" by Defendants. ECF No. 21-1 at 5. It appears, however, that both parties agreed to additional time before service of process was accepted so the parties could monitor the progress of the *Trump* case. *Id.* at 4; ECF No. 24 at 7; Klinefeldt Decl. Supp. Defs. Des Moines Register & Gannett's Resist. Pl.'s Mot. Remand, Exs. 1–5, ECF Nos. 24-2, 3, 4, 5, 6. There is, therefore, no basis to depart from the bright line rule set forth in § 1446(b)(1). Notice of removal was filed twenty days after service of process. Notice of removal was therefore timely.

    **B.**    **Class Action Fairness Act Exceptions**

The Court next turns to the applicability of the three jurisdictional exceptions contained in the Class Action Fairness Act. Donnelly first asserts the local-controversy exception applies. ECF No. 21-1 at 7. Because Defendants have met their initial burden to show original jurisdiction, Donnelly has the burden to show an exception applies. *Cf. Westerfeld*, 621 F.3d at 822–23. To

demonstrate the applicability of the local-controversy exception, Donnelly has the burden of showing four things: 1) at least two-thirds of the putative class are citizens of the forum state; 2) at least one defendant whose actions form a significant basis for the claims must be a citizen of the forum state; 3) the principal injuries occurred in the forum state; and 4) there has been no similar class action filed within the last three years. *Cf.* 28 U.S.C. § 1332(d)(4)(A). Prongs two and four—the significant basis and similar class action prongs—are not in dispute. ECF No. 24 at 11. Donnelly seeks judicial discovery to establish the first—the citizenship prong. ECF No. 21-1 at 7. However, even if Donnelly shows at least two-thirds of the punitive class are from Iowa, Donnelly must still meet his burden as to the third—the principal injury prong. The question of principal injury is therefore the focus of the Court's discussion.

The local-controversy exception is a "narrow exception." *Atwood v. Peterson*, 936 U.S. 835, 839 (8th Cir. 2019). Donnelly does not address the principal injury prong in detail, but seemingly alleges an interpretation of "principal" in § 1332(d) as meaning where a majority or significant amount of the total injuries of the class took place. *See* ECF No. 21-1 at 8–9. This interpretation of the statute does not comport with the plain language of the statute, Congress's intent, or how other courts have interpreted the term.

For the local-controversy exception to apply, the principal injuries resulting from Defendants' alleged conduct must have been incurred in Iowa. This requires answering two questions: what is the alleged principal injury and where did class members suffer this injury. The Fifth Circuit recently considered the question of whether the local-controversy exception applies where the principal injury alleged is financial and most, but not all, class members reside in the forum state. *Cheapside Mins., Ltd. v. Devon Energy Prod. Co., L.P.*, 94 F.4th 492 (5th Cir. 2024) (finding the local-controversy exception did not apply where ninety percent of class members resided in the forum state but ten percent did not). The *Cheapside* court conducted a thorough and persuasive analysis and concluded "'principal injuries' qualitatively and comparatively

6

evaluates the types of injury, not the quantity of plaintiffs who were injured." *Id.* at 499–500. "Thus, when some plaintiffs sustain their primary injuries in the forum state but others do not § 1332(d)(4)(A)(i)(III) is not satisfied." *Id.* at 500. The Court finds the Fifth Circuit's interpretation of § 1332(d)(4)(A)(i)(III) articulated in *Cheapside* persuasive and applies it here.

An interpretation requiring all class members to incur the principal injury in the forum state comports with how Congress contemplated the exception would apply. The Class Action Fairness Act Senate Report provides an instructive example illustrating how the local-controversy exception should apply to the present case:

> For example, a class action in which local residents seek compensation for property damage resulting from a chemical leak at a manufacturing plant in that community would fit this criterion, provided that the property damage was limited to residents in the vicinity of the plant. However, if the defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states, the case would not qualify for this exception, even if it were brought only as a single-state class action.

S. Rep. No. 109-14, at 40 (2005).

Identifying the principal injury here is simple, as only one injury is alleged. The principal injury alleged here is "an ascertainable pecuniary loss: the value of a subscription to the *Des Moines Register*." ECF No. 22 ¶ 157. The dispositive question is therefore whether all class members incurred this financial injury in Iowa. The general rule is a plaintiff incurs a financial injury in the place where they reside, not where the alleged conduct causing the injury occurred. *See e.g., Cheapside*, 94 F.4th at 499 ("Generally, a plaintiff sustains an economic injury where he resides."); *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002) (noting where "injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss") (citation omitted); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011) ("We have repeatedly held that a corporation incurs economic loss, for jurisdictional purposes, in the forum of its principal place of business.").

On the date the alleged injury occurred, November 3, 2025, the Des Moines Register had

7

subscribers in all fifty states. ECF No. 24-7 ¶ 4. Each of these subscribers experienced the same alleged financial injury—the decrease in value of their Des Moines Register subscription. This financial injury would be felt where these subscribers reside. Therefore, the principal injury alleged in the complaint occurred in all fifty states. Donnelly alleges Defendants engaged in conduct which financially injured consumers throughout the country. Therefore, the local-controversy exception does not apply.

Donnelly next asserts the home-state and interest-of-justice exceptions apply. ECF No. 21-1 at 8–9. Both these exceptions require all primary defendants be residents of Iowa. Donnelly claims Gannett is a secondary defendant "sued for its role as a parent company and for setting broad policies and standards." ECF No. 25 at 6. While the statute itself does not define what a primary defendant is, other courts examining this question have looked to whether defendants "are directly liable to the proposed class, as opposed to being vicariously or secondarily liable based upon theories of contribution or indemnification." *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 504 (3d Cir. 2013) (encouraging courts to "determine if the plaintiffs seek to hold the defendant responsible for its own actions, as opposed to seeking to have it pay for the actions of others"). Courts also find all defendants to be primary defendants where the complaint fails to distinguish liability between defendants. *See Nicholson v. Prime Tanning Corp.*, No. 09-6083-CV, 2009 WL 2900042, at *2 (W.D. Mo. Sept. 3, 2009) ("Courts have routinely held that when a complaint fails to distinguish among defendants as to theories of liability, all are considered primary defendants.").

Donnelly seeks to hold Gannett liable for its own actions in relation to the release of the poll and does not meaningfully distinguish between theories of liability between the parties. The original petition contains several specific assertions against Gannett directly. Donnelly claims "Gannett has a history of telling its newspapers what they can and cannot do while covering politically sensitive issues." ECF No. 1-1 ¶ 86. In addition, Donnelly states "Gannett exercises

editorial control over its affiliates to an extent unseen in other chain newspapers." *Id.* ¶ 85. Donnelly offers a press release "showing the tie between Gannett and the *Register* specific to the poll." *Id.* ¶ 71. Donnelly also asserts the Des Moines Register's code of ethics is promulgated by Gannett. *Id.* ¶¶ 88–92. Donnelly states "Gannett may be held liable for its influence over its local papers' newsroom decisions." *Id.* ¶ 93. The original petition seeks to hold Gannett responsible for its actions in connection with the release of the poll. Gannett is therefore a primary defendant for purposes of § 1332(d)(3) and (d)(4)(B).

Because not all primary defendants are citizens of Iowa, the Court may not invoke the home-state exception or the interest-of-justice exception. None of the exceptions in the Class Action Fairness Act apply to this removal. Therefore, Donnelley's motion to remand is denied.

### C.   Jurisdictional Discovery

Donnelly requests jurisdictional discovery to obtain the Des Moines Register's list of subscribers. ECF No. 21-1 at 7. Through this discovery Donnelly expects to show more than two-thirds of these subscribers are citizens of Iowa. *Id.* However, conducting jurisdictional discovery would be futile. Here, the facts necessary to resolve the jurisdictional inquiry are known. *Cf. Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011) (affirming the district court's denial of jurisdictional discovery because "facts necessary to resolving the jurisdictional inquiry [were not] . . . unknown or disputed").

The dispositive question for the applicability of the local-controversy exception is whether there were subscribers in other states who incurred the alleged financial injury. It is undisputed that the Des Moines Register has subscribers across the country. Therefore, Donnelly would not be able to satisfy the principal injury prong no matter what jurisdictional discovery yielded.

The dispositive question for the applicability of the home-state exception and the interest-of-justice exception is whether Gannet is a primary defendant. The allegations contained in the original petition are sufficient to establish Donnelly seeks to hold Gannett liable for its

own actions in connection with the poll. Because Gannett is not an Iowa citizen, these exceptions cannot apply. Therefore, jurisdictional discovery would not alter this result either.

Accordingly, the Court declines to permit jurisdictional discovery.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff Dennis Donnelly's Motion to Remand, ECF No. 21, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 22nd day of October, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE