IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DENNIS DONNELLY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DES MOINES REGISTER AND TRIBUNE CO., INC.; J. ANN SELZER; SELZER & COMPANY; and GANNETT CO., INC.,<br><br>Defendants. | Case No. 4:25-cv-00150-RGE-WPK |

**MOTION TO FILE SUR-REPLY**

Plaintiff appreciates that this Court finds reply briefs generally unnecessary and thus is likely all the more skeptical of motions for a sur-reply brief. *See* Local Rule 7(g). However, "notwithstanding the general rule," a district court may still "us[e] its discretion to allow leave to file additional briefings like sur-replies when appropriate based on the facts and circumstances of each case." *Ledford v. Travelers Home & Marine Ins. Co.*, 2024 U.S. Dist. LEXIS 239733, *8 (W.D.Mo. May 17, 2024). *See Postawko v. Mo. Dep't of Corr.*, 910 F.3d 1030, 1037 n.3 (8th Cir. 2018) ("allowing the Defendants the opportunity to file a sur-reply was an appropriate exercise of discretion in a matter of case management left to the district court."). An example of an appropriate circumstance, for instance, is when a sur-reply addresses new arguments raised in the reply. *Welcome v. Amplity, Inc.*, 2024 U.S. Dist. LEXIS 245850, *9 (W.D. Mo. Dec. 4, 2024). The Court may also consider whether the opposing party objects to the motion for a sur-reply. *Marquez v. Peterson*, 2025 U.S. Dist. LEXIS 47991, *1 (D.S.Dak. March 13, 2025).

In this instance, the plaintiff seeks permission to file a very short (five-page) sur-reply. First, the Movant opens her brief discussing a very recent case from the Eleventh Circuit—one

1

issued after the Plaintiff filed his opening brief—responding to that citation would be no different than a response to a notice of supplemental authority. *See* Fed. R. App. Proc. 28(j). Second, the Movant's reply brief includes new information and arguments, even to the point of attaching new documents for judicial notice. Some of this is because the Movant's original motion did not address any of the factors laid out to guide the Court's discretion when deciding a Rule 11 sanctions motion, so the first time the Movant addresses these factors is in her reply brief. *See* Fed. R. Civ. Proc. 11 Adv. Comm. Notes (giving factors). Plaintiff deserves an opportunity to respond very briefly on these points.

    Per the local rules, Plaintiff's counsel has consulted with Movant's counsel, and Movant has said that it will not file an opposition to a motion to file a sur-reply of up to five pages.

    Wherefore, Plaintiff respectfully requests that the Court file and consider the attached brief.

Robert R. Anderson
Iowa State Bar No. AT9021
P.O. Box 4
Atlantic, IA 50022
Phone (515) 382-1278
Email: Bobandersoniowan@gmail.com

/s/ Daniel R. Suhr
Daniel R. Suhr
Center for American Rights
1341 W. Fullerton Ave., Suite 170
Chicago, IL 60614
Email: dsuhr@americanrights.org

   December 10, 2025