IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DENNIS DONNELLY,<br><br>Plaintiff,<br><br>vs.<br><br>DES MOINES REGISTER AND TRIBUNE CO., INC.; J. ANN SELZER; SELZER & COMPANY; and GANNETT CO., INC.,<br><br>Defendants. | 4:25-cv-00150-RGE-WPK<br><br><br>ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY |

Counsel for Defendants, J. Ann Selzer and Selzer & Company, (hereinafter Selzer Counsel), filed a Motion for Sanctions on November 17, 2025, and an overlength supporting brief on November 18, 2025. ECF Nos. 51, 53. Counsel for Plaintiff, Dennis Donnelly, (hereinafter Donnelly Counsel) filed an overlength response brief to the Motion for Sanctions on November 26, 2025. ECF No. 56. Selzer Counsel filed an overlength reply brief to Donnelly Counsel's overlength response brief on December 5, 2025. ECF No. 59. Donnelly Counsel filed the present Motion for Leave to File a Sur-reply, with an attached proposed sur-reply to Selzer Counsel's reply brief on December 10, 2025. ECF Nos. 62, 62-1. Selzer Counsel does not resist Donnelly Counsel's Motion for Leave to File a Sur-reply. ECF No. 62, ¶ 3.

"'[S]urreplies are generally disfavored' and the court has discretion whether to allow a surreply." *Fleshner v. Tiedt*, No. 15-CV-2033-CJW, 2019 WL 271619, at *2 (N.D. Iowa Jan. 18, 2019) (quoting *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012)). "Allowing a surreply as a matter of course 'would put the court in the position of refereeing an endless volley

of briefs.'" *Id*. (quoting *Sec. & Exch. Comm'n v. Watkins*, 317 F. Supp. 3d 1244, 1249 (N.D. Ga. 2018)). However, a sur-reply may be warranted where the reply raises new arguments. *Id*. "Judges in this district have considered sur-replies in rare circumstances in the interest of fairness and where they will aid the Court in resolving the pending motion." *Indus. Steel Constr., Inc. v. Lunda Constr. Co.*, 3:20-CV-00070-JAJ-HCA, 2021 WL 6618710, at *3 (S.D. Iowa Mar. 1, 2021) (citing *Duchardt v. Midland Nat. Life Ins. Co.*, 265 F.R.D. 436, 439 (S.D. Iowa 2009)). Local Rule 7(g) provides, "[o]rdinarily, reply briefs are unnecessary . . . [h]owever, the moving party may, . . . file a reply brief, . . . to assert newly-decided authority or to respond to new and unanticipated arguments made in the resistance." The Local Rules do not explicitly contemplate the filing of a sur-reply, and the Court does not generally need, nor allow sur-reply briefs. "While the Local Rules do not provide for the filing of a sur-reply, the Court may consider such a filing at its discretion." *Duchardt,* 265 F.R.D. at 439; *see also Johnson v. Univ. of Iowa*, 408 F. Supp.2d 728, 736–37 (S.D. Iowa 2004) (granting motion for leave to file sur-reply because reply brief submitted certain evidence for the first time).

Donnelly Counsel alleges Selzer Counsel cited a "very recent case from the Eleventh Circuit" that was issued after Donnelly Counsel filed their initial response brief, and that Selzer Counsel's reply brief included new information and arguments. ECF No. 62. Donnelly Counsel argues that they "deserve[] an opportunity to respond very briefly on these points" in a five-page sur-reply brief. ECF No. 62 at 2. Notably, Donnelly Counsel's Motion does not direct the Court to specific paragraphs or page numbers within Selzer Counsel's reply brief that contain the alleged new information or arguments. *See generally id.* Rather, Donnelly Counsel makes general allegations and simply points the Court to the entirety of Selzer Counsel's reply brief and attached exhibits which total thirty-seven pages. *See generally id.*; ECF No. 59.

The Court has reviewed the relevant filings and does not find that a sur-reply is appropriate or warranted. Beginning with the Eleventh Circuit case, *Trump v. Clinton*, the Court finds that a response on the limited discussion within Selzer Counsel's reply brief is not necessary. First, the Eleventh Circuit is persuasive authority in the Southern District of Iowa that the Court may consider but is not required to follow. Second, Selzer Counsel utilizes the *Trump v. Clinton* case in a limited fashion to serve as an example of a Court finding a frivolous claim, they do not discuss the facts or determinations within that case in depth in the reply. For those reasons a sur-reply on that matter is denied. Next, Donnelly Counsel alleges Selzer Counsel's reply brief asserted new arguments and information. The Court disagrees. The Court finds that the arguments asserted within Selzer Counsel's reply brief were responsive to Donnelly Counsel's response brief and should have been anticipated. *See* ECF Nos. 53, 59. For example, Donnelly Counsel seeks to respond to the Selzer Counsel's exhibit regarding the FCC but Selzer Counsel's reply brief explicitly states, "Defendants had not intended to bring up the FCC proceeding, but Plaintiff's decision to inject it into this case illustrates well why this is an exercise in political abuse." ECF No. 59 at 8. They go on to state, regarding the exhibit, "[t]o be clear, Defendant is citing the FCC proceeding only in response to Plaintiff's Counsel's assertion there is no pattern of political abuse and is not asking this Court to make any determination regarding broadcast law." ECF No. 59 at 9 n.5. Donnelly Counsel fails to show how these statements made in Selzer Counsel's reply brief in response to Donnelly Counsel's own response brief were unanticipated or "new." *See* ECF No. 62; *compare* ECF No. 56 at 18–19 *with* ECF No. 59 at 8–9.

Additionally, the Court has reviewed the proposed sur-reply brief and does not believe that it adds relevant information necessary for the Court to rule on the pending Motion for Sanctions. Furthermore, any such information should have been included in Donnelly Counsel's response

brief. Donnelly Counsel has not provided a sufficient reason to allow them such a disfavored and rare filing as sur-reply. *See Fleshner,* 2019 WL 271619, at *2; *Indus. Steel Constr., Inc.*, 2021 WL 6618710, at *3. Therefore, the Court concludes that Counsel for Plaintiff, Dennis Donnelly's Motion for Leave to File a Sur-Reply must be **DENIED.**

   **IT IS SO ORDERED.**

   Dated: December 31, 2025.

_____
William P. Kelly
U.S. Magistrate Judge