**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

DENNIS DONNELLY, on behalf of himself and all others similarly situated, *Plaintiffs*,

*v.*

Case No. 4:25-cv-150

DES MOINES REGISTER AND TRIBUNE CO., INC.; J. ANN SELZER; SELZER & COMPANY; and GANNETT CO., INC., *Defendants*.

**NOTICE OF SUPPLEMENTAL AUTHORITY**

In *Trump et al. v. Selzer et al.*, the Iowa District Court for Polk County resolved motions to dismiss a lawsuit brought regarding the same events as this lawsuit. *Trump v. Selzer*, No. CVCV069420 (Iowa Dist. Ct. Polk Cnty. Sept. 23, 2026). The state trial court also resolved a motion for sanctions filed by Dr. Selzer against President Trump's counsel under Iowa's equivalent of Federal Rule of Civil Procedure 11. This Court has pending before it a similar motion by Dr. Selzer against Mr. Donnelly's counsel. ECF 51.

Though no rule expressly provides for it, this Court may in its discretion accept notices of supplemental authority. *See Network Servs. v. Qwest Corp.*, 385 F. Supp. 2d 850, 854 (S.D. Ia. 2005). *See, e.g., Marcelo v. Trump*, 801 F. Supp. 3d 807, 815 (S.D. Ia. 2025) (Ebinger, J.); *Gerhart v. United States HHS*, 242 F. Supp. 3d 806, 811 (S.D. Ia. 2017) (Ebinger, J.). In this instance, pursuant to Federal Rule of Appellate Procedure 28(j), both the *Register* and Selzer defendants have submitted the same case to the attention of the U.S. Court of Appeals for the Eighth Circuit. *See* Corn-Revere Letter of Sept. 24, 2026; Yoshimura Letter of Sept. 25, 2026, in *Donnelly v. Des Moines Register & Tribune Co.*, et al., Case No. 25-3451 (USCA 8).

The Polk County District Court rejected Dr. Selzer's motion for sanctions on several grounds. First, it ruled that President Trump's counsel had made legal arguments in favor of their positions, not "bare assertions." Opinion at 62. The same is certainly true for Mr. Donnelly, who has extensively briefed the relevant legal issues. *See* ECF 36.

Second, the District Court found that President Trump's case presented novel questions of first impression: "no Iowa appellate court has answered the questions the Plaintiffs raise. No Iowa decision holds that the contents of a newspaper can or cannot be consumer merchandise under chapter 714H, and none decides whether a pollster owes a duty of care to the candidates a poll measures. A litigant may ask a court to answer a question the appellate courts have not reached, and may lose, without exposing counsel to sanction." Op. 62. These are issues of first impression for Mr. Donnelly, asserting similar claims, just as much as they are for President Trump. Yet Dr. Selzer seeks to sanction Mr. Donnelly for asserting them. *See* ECF 50-1 at 13-17. Again, as noted previously, "Rule 11 is not intended to deter . . . cases of first impression." *Am. State Bank v. Pace*, 124 F.R.D. 641, 649 (D.Neb. 1987) (quoted in ECF 56 at 6).

Finally, the *Trump* plaintiffs did not address the Rule 11 issues in their briefing. Op. 61. And the *Trump* case lacks several distinguishing features present here, such as the Iowa Attorney General's finding letter and Mr. Donnelly's status as a paying subscriber. Yet the Iowa District Court still decided to deny the motion for sanctions. This Court should do the same.

Mr. Donnelly's counsel wrote to Dr. Selzer's counsel prior to file this notice to ask him to withdraw the motion for sanctions in light of the Iowa District Court's ruling, but he declined to do so. This decision reinforces Mr. Donnelly's suggestion that Dr. Selzer is pursuing this motion

to punish opposing counsel, such that fees for responding to the motion are warranted here. *See* ECF 55 at 26-29.[1]

Respectfully submitted,

ROBERT R. ANDERSON
P.O. Box 4
Atlantic, Iowa 50022
(515) 382-1278
bobandersoniowan@gmail.com

*/s/ Daniel R. Suhr*
DANIEL R. SUHR
Center for American Rights
1341 W. Fullerton Ave., Suite 170
Chicago, IL 60614
dsuhr@americanrights.org
*Pro hac vice*

*Attorneys for Plaintiff Dennis Donnelly*

[1] In his response, Dr. Selzer's counsel wrote that Mr. Donnelly's counsel has an ongoing obligation to "cease advocating baseless positions after learning they lack merit" and that he "has not withdrawn the papers which are the subject of the sanctions motion." First, Mr. Donnelly cannot withdraw a pleading that has been dismissed with prejudice. Second, as Mr. Donnelly showed in his F.R.A.P. 28(j) submission to the U.S. Court of Appeals for the Eighth Circuit, the Polk County District Court's opinion by its terms distinguishes candidates (like President Trump) from consumers (like Mr. Donnelly) in its application of the state law concepts. So if they were questions of first impression for Candidate Trump, they remain questions of first impression for Mr. Donnelly. And they remain questions of first impression, in all events, because an unpublished Iowa state trial court decision is not binding precedent—as the Polk County opinion says, "no Iowa appellate court has answered the questions the Plaintiffs raise." Op. 62 (emphasis added).