**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| DENNIS DONNELLY, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>J. ANN SELZER, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,<br><br>*Defendants*. | Civil Case No. 4:25-cv-00150-RGE-WPK<br><br>**SELZER DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants J. Ann Selzer and Selzer & Company hereby respond to Plaintiff Dennis Donnelly's submission of supplemental authority in response to Selzer's motion for sanctions. ECF 66 (submitting order dismissing all claims in *Trump v. Selzer*, No. CVCV069420 (Iowa Dist. Ct. Polk Cnty. Sept. 23, 2026)).[1] Selzer agrees that the decision in *Trump v. Selzer* should be considered supplemental authority, as it provides strong support for entry of sanctions against Donnelly.

This may be the first time in history that a party *opposing* a sanctions motion submitted as supplemental authority, a case involving the same events which held *there is no legal basis for any of the claims*, dismissing them *with prejudice*. And the Iowa court's decision not to issue a show cause order under Iowa Rule of Civil Procedure 1.413(1) in that case does not help Donnelly in opposing sanctions here.[2]

---

[1] Because Donnelly makes reference to, and characterizes, communications between counsel, Selzer attaches Donnelly's request to withdraw the sanctions motion (Ex. 1) and Selzer's response (Ex. 2).

[2] Donnelly inaccurately asserts that Selzer filed a "motion for sanctions" in *Trump v. Selzer*. However, no such motion was filed. Selzer merely asked the court in its motion to dismiss to

*First*, the motion in this case seeks sanctions under Fed. R. Civ. P. Rule 11, 28 U.S.C. § 1927, and this Court's inherent authority, and, unlike the show cause request in the *Trump* case which was based on Iowa law, has been fully briefed by both parties. ECF 50, 56, 59. Donnelly even acknowledges "the *Trump* plaintiffs did not address the Rule 11 issues in their briefing." ECF 66 at 2. Moreover, to whatever extent the Iowa court's ruling may inform questions under federal law, Judge Beattie pointedly declined to reach "the separate contention that this action was interposed for an improper purpose." Op. at 62. Here, however, abuse of the litigation process is a central issue in the sanctions motion. ECF 50 at 19–22; ECF 59 at 7–8. Thus, to the extent the decision is relevant to the sanctions motion in this case, it does not address the full range of issues pending in this Court.

*Second*, Donnelly's references to "distinguishing features" between this case and *Trump* (ECF 66 at 2) cut decidedly against him.[3] In particular, he cites "Mr. Donnelly's status as a paying subscriber" to distinguish his case from Trump's, *id.*, but this only illustrates why he never had any conceivable claim against Selzer in either case. Donnelly may have paid to subscribe to the *Des Moines Register*, but Donnelly has no relationship with Selzer or Selzer & Company. He has had no communications of any kind with Selzer or Selzer & Company. These are dispositive facts the court cited in *Trump* for why there were no conceivable fraud claims against Selzer under either the First Amendment or Iowa law, and they apply equally in this case.[4] In short, the court's holdings in *Trump* strongly support ordering sanctions in this case.

---

exercise its inherent discretion to direct plaintiffs to explain why their claims should not be found to violate Iowa Rule of Civil Procedure 1.413(1). *See* Def.'s Reply Br. at 26–28 (attached as Ex. 3).

[3] Donnelly's reference to the Iowa Attorney General's "findings letter" is irrelevant here and has already been fully addressed. ECF 59 at 1–2.

[4] *See*, *e.g.*, Op. 21 ("No Plaintiff pleads that J. Ann Selzer or Selzer & Company communicated with him or her, or had any relationship with any Plaintiff, arising out of contract or otherwise. No

*Third*, Donnelly's citing one or two questions of "first impression" is far from sufficient to avoid sanctions here. ECF 66 at 2. Donnelly claims he identified as issues of first impression whether "the contents of a newspaper can or cannot be consumer merchandise under chapter 714H," and "whether a pollster owes a duty of care to the candidates a poll measures." ECF 66 at 2 (quoting Op. at 62). But these issues have no bearing on the Selzer defendants in *this* case. Whether or not a newspaper may be consumer merchandise under chapter 714H, an election poll is not; and whether a pollster may owe some duty to candidates says nothing about Selzer's duty (or lack thereof) to *Des Moines Register* subscribers. Moreover, identifying a couple of novel claims makes no difference where the plaintiff failed to make good-faith arguments to extend the law *on these issues*. Here, the Plaintiff has not done so. *See* ECF 50 at 18–19, ECF 59 at 6–7 ("Counsel made no argument to alter the required elements of various state law claims, which were largely overlooked."). In any event, it is not enough for a party to argue that the law should "move" in some way. Rule 11 requires parties who sign pleadings in federal court to explain *why* the law should change.

Most importantly, Selzer's motion for sanctions alleged Donnelly failed to advance non-frivolous arguments supporting the essential elements of the asserted statutory and common-law

---

Plaintiff pleads that he or she purchased the Iowa poll, or gave anything of value to any Defendant because of the Poll."); *id.* at 22 ("Plaintiffs allege consequences. They do not allege a transaction [with Selzer]."); *id.* at 30 ("the Petition alleges no purchase or lease from J. Ann Selzer or Selzer & Company to anyone other than the Register. . . . [A]nd Selzer does not sell the Register."); *id.* at 38 ("As to the Selzer Defendants, it identifies no consumer merchandise at all."); *id.* at 41 ("The Petition alleges no relationship between any Plaintiff and J. Ann Selzer or Selzer & Company. It alleges no communication from either of them to any Plaintiff and no transaction of any kind."); *id.* at 51 ("No Plaintiff hired J. Ann Selzer or Selzer & Company. . . . Whatever duty Selzer owed, she owed to the newspaper that contracted for her work."); *id.* at 55 ("No Plaintiff here alleges a relationship of any kind with J. Ann Selzer or Selzer & Company, and counsel for the Selzer Defendants made that point again at argument."); *id.* at 58 ("However improbable a polling error may be, improbability is not a relationship."); *id.* ("plaintiffs have failed to show the existence of a legal duty owed to them") (quoting *Unertl v. Bezanson*, 414 N.W.2d 321, 324 (Iowa 1987)).

claims. ECF 50 at 13–18; ECF 59 at 3–5 (" . . . Donnelly's counsel failed to even attempt to plead the necessary elements of the various state claims and did not respond after Selzer pointed out these obvious deficiencies."). Far from assisting Donnelly's argument here, Judge Beattie's decision in *Trump* methodically canvassed each of the claims and explained why they were deficient even assuming the truth of all plaintiffs' allegations. *See* Op. at 28–37 (failure to establish elements under the Iowa Consumer Fraud Act); *id.* at 38–47 (failure to establish elements of fraudulent misrepresentation); *id.* at 47–59 (failure to establish elements of negligent misrepresentation). Failing to even allege the necessary state law elements is sanctionable. *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 624–27 (8th Cir. 2003); *Miller v. Bittner*, 985 F.2d 935, 939 (8th Cir. 1993) (affirming sanctions for filing and pursuing state-law claims when plaintiff would not be able to prove a required element). Additionally, the decision in *Trump* held that the First Amendment provided independent grounds for rejecting all claims with prejudice. Op. at 10–25.

Overall, the decision in *Trump v. Selzer* provides strong support for imposing sanctions in this case.

Dated: October 13, 2026

Respectfully Submitted,

/s/ Robert Corn-Revere

Robert Corn-Revere*†
(DC Bar No. 375415)
Conor T. Fitzpatrick*
(Mich. Bar No. P78981)

FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)
700 Pennsylvania Ave., SE; Suite 340
Washington, DC 20003
(215) 717-3473

bob.corn-revere@fire.org
conor.fitzpatrick@fire.org

Greg Greubel
(Iowa Bar No. AT0015474)
Adam Steinbaugh*
(Cal. Bar No. 304829)
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)
510 Walnut St.; Suite 900
Philadelphia, PA 19106
(215) 717-3473
greg.greubel@fire.org
adam@fire.org

Matthew A. McGuire
(Iowa Bar No. AT0011932)
NYEMASTER GOODE, P.C.
700 Walnut St., Suite 1300
Des Moines, IA 50309
(515) 283-8014
mmcguire@nyemaster.com

*Attorneys for Defendants J. Ann Selzer and Selzer & Company*

* Admitted pro hac vice.
† Lead counsel