# EXHIBIT 2

FIRE
Foundation for Individual Rights and Expression

Daniel R. Suhr
Center for American Rights
1341 W. Fullerton Ave., Suite 170
Chicago, IL 60614

Mr. Suhr—

The Selzer Defendants do not agree to withdraw the sanctions motion. As Mr. Donnelly relies on the same legal theories as Mr. Trump. Judge Beattie's thorough opinion only strengthens our position that Mr. Donnelly's claims are frivolous under Iowa law and barred by the First Amendment.

To the extent your defense to our sanctions motion is an asserted lack of sufficiently specific on-point law, you now have Iowa caselaw addressing the same theories, arising out of the same poll, against the same defendants. As you should know, Rule 11 requires counsel to affirmatively represent that the arguments are warranted by existing law or a nonfrivolous argument to change it and are not presented for any improper purpose. And, unlike analogous Iowa law, Fed. R. Civ. P. 11(b)(2) requires lawyers to cease advocating baseless positions after learning they lack merit.

Because Mr. Donnelly has not withdrawn the papers which are the subject of the sanctions motion, and what is more continues to pursue those same arguments on appeal even after Judge Beattie's comprehensive opinion explaining why each is barred by the First Amendment and woefully deficient under Iowa law, we have no occasion to revisit our decision to seek sanctions.

Dated: October 2, 2026

/s/ *Robert Corn-Revere*

Robert Corn-Revere
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
bob.corn-revere@fire.org
(215) 717-3473

*Attorney for Defendants J. Ann Selzer and Selzer & Company*